## FARRAR v. FOOTE

A defendant in a magistrate's Court obtained a certiorari to remove the case into the County Court, and filed the petition, *fiat* and bond. The papers were handed in by the justice, but no writ of certiorari had issued. After declaration, on motion of the plaintiff, the suit was dismissed, because there was no writ of certiorari. Held, that this was error, and that a certiorari should issue if required by the defendant, on his motion.

THIS was a writ of error from the County Court of Perry county. S. Foote recovered a judgment against G. Farrar, before a justice of the peace; Farrar petitioned the Judge of the County Court for a certiorari, to remove the cause into that Court, which the Judge granted, and by his *fiat* directed writs of certiorari and supersedeas to issue. The petition and *fiat* were filed with the clerk, and also a bond as required by the order. No writ of certiorari was ever issued; but the magistrate delivered the papers of the cause to the Clerk of the Court, with his certificate of their verity. At the first term, Foote appeared, and filed his declaration; and also moved to dismiss the proceedings from the County Court, because no writ of certiorari had been issued. This, the defendant, Farrar, resisted, and moved the Court for a second order for a certiorari. The Court granted the motion of the plaintiff, and dismissed the suit at the defendants costs. Farrar, the defendant, excepted, and now here assigns this for error.

GOODE, for the plaintiff in error.

A. G. PERRY, for the defendant.

By JUDGE PERRY. It is the opinion of this Court, that a certiorari should have been awarded on the defendant's motion to bring the papers into the County Court, because he was not bound to recognise any proceedings returned into that Court, except such as were returned in obedience to a certiorari. Then as there was none, and as the Court dismissed the cause, the judgment must be reversed, and the cause remanded.

By JUDGE CRENSHAW. I think the certiorari was unnecessary, and that the cause ought to be remanded for a trial *de novo*.

                                        Reversed and remanded.